UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMADOU KONE,

                            Plaintiff,

          - against -

THE CITY OF NEW YORK, KARL KINDRED,
JOSH KAVENEY, and "JOHN DOE" #1-8,

                            Defendants
-----------------------------------------------------------------x

12CV4927(JMF)

AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Amadou Kone by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

2. Amadou Kone is a citizen of the United States who was in his home when defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8, who were New York City police officers, forcibly entered his residence pursuant to an improperly obtained search warrant, terrorized the plaintiff, damaged the plaintiff's personal property, and seized approximately $2,500.00 in cash. The actions of the police officers were the result of policies and practices adopted by defendant The City of New York (1) to apply for and obtain search warrants on the basis of unreliable information, (2) to obtain search warrants for the wrong premises, and (3) to damage furniture and other personal property in premises being searched. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Karl Kindred and Josh Kaveney can be located within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Amadou Kone is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Karl Kindred is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Karl Kindred was acting within the scope of his employment by defendant The City of New York.

10. Defendant Josh Kaveney is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant Josh Kaveney was acting within the scope of his employment by defendant The City of New York.

12. Defendants "John Doe" #1-8 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

13. At all times relevant herein, defendants "John Doe" #1-8 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

14. On May 18, 2011, and within ninety days of the accrual of the causes of action herein, plaintiff Amadou Kone served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On March 30, 2011, plaintiff Amadou Kone resided in apartment 3L at 185 E. 162nd Street, Bronx, New York.

18. On March 30, 2011, defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 forcibly entered plaintiff Amadou Kone's apartment at 185 E. 162nd Street, Bronx, New York.

19. The entry of defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 into plaintiff Amadou Kone's residence was without the permission of plaintiff Amadou Kone.

20. Upon information and belief, the entry of defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 into plaintiff Amadou Kone's apartment was pursuant to a search warrant.

21. Upon information and belief, the search warrant pursuant to which defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 entered plaintiff Amadou Kone's apartment was issued upon the basis of extremely unreliable information.

22. Upon information and belief, the search warrant pursuant to which defendants Karl Kindred. Josh Kaveney and "John Doe" #1-8 entered plaintiff Amadou Kone's apartment was not issued on probable cause.

23. Upon information and belief, the application for the search warrant that was filed with the court in which the warrant was issued contained false information.

24. Upon information and belief, the officers who applied for the search warrant lacked reliable and trustworthy information to establish probable cause to believe that contraband was present in apartment 3L at 185 E. 162nd Street.

25. Upon information and belief, the defendants made an error in the identity of the premises for which they obtained a search warrant.

26. Upon information and belief, the search warrant was obtained for plaintiff Amadou Kone's apartment as a result of the negligence and incompetence of defendant Karl Kindred and/or defendant Josh Kaveney in the investigation and application for the search warrant.

27. Plaintiff Amadou Kone suffers from a medical condition known as Chronic Inflammatory Demyelinating Polyneuropathy (CIDP).

28. At the time defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 forcibly entered plaintiff Amadou Kone's apartment, the plaintiff was lying on a couch in the livingroom, too weak to lift himself.

29. One of the individual defendants pointed a machine gun at plaintiff Amadou Kone's face and told him he was under arrest.

30. One of the individual defendants turned plaintiff Amadou Kone over on the couch, applied pressure to his back and handcuffed the plaintiff.

31. One or more of the individual defendants then asked plaintiff Amadou Kone where the drugs were and where the rest of the people were.

32. There were no illegal drugs in plaintiff Amadou Kone's apartment.

33. One of the individual defendants accused plaintiff Amadou Kone of using intravenous equipment used for administration of his medication for CIDP to shoot illegal drugs.

34. The individual defendants proceeded to search plaintiff Amadou Kone's apartment.

35. In the course of searching plaintiff Amadou Kone's apartment, the individual defendants damaged the plaintiff's bed, dresser, vacuum, and air conditioner, two diningroom chairs and the paper tray of a computer printer.

36. The search warrant pursuant to which defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 entered the plaintiff's residence did not authorize the seizure of money.

37. The individual defendants seized the sum of $2,500.00 in cash from plaintiff Amadou Kone's apartment.

38. When the individual defendants left the plaintiff's apartment, they left debris strewn throughout the apartment.

## COUNT ONE
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Karl Kindred in identifying the premises for which the search warrant was sought.

41. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Karl Kindred in failing to verify the information upon which the application for the search warrant was based.

42. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Karl Kindred in failing to verify information provided by a confidential informant.

43. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part defendant Karl Kindred in failing to corroborate the information upon which the application for the search warrant was based.

44. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Karl Kindred in entering the location for which the search warrant was sought in the application for the search warrant.

45. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of the incompetence on the part of defendant Josh Kaveney in identifying the premises for

which the search warrant was sought.

46. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Josh Kaveney in failing to verify the information upon which the application for the search warrant was based.

47. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Josh Kaveney in failing to verify information provided by a confidential informant.

48. The issuance of the search warrant for plaintiff Amadou Kone's residence was the result of incompetence on the part of defendant Josh Kaveney in entering the location for which the search warrant was sought in the application for the search warrant.

49. Defendants Karl Kindred and Josh Kaveney were acting under color of state law when they obtained a search warrant for plaintiff Amadou Kone's residence upon the basis of inadequate and inaccurate information.

50. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they forcibly entered plaintiff Amadou Kone's residence pursuant to an improperly obtained search warrant.

51. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they searched the residence of plaintiff Amadou Kone pursuant to an improperly obtained search warrant.

52. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 deprived plaintiff Amadou Kone of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and

searching plaintiff Amadou Kone's residence pursuant to an improperly obtained search warrant.

53. As a result of the forcible entry and search of plaintiff Amadou Kone's residence by defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8, plaintiff Amadou Kone sustained loss of funds and damage to his personal property and furniture.

## COUNT TWO
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

54. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as though the same were set forth fully herein.

55. Upon entering the residence of plaintiff Amadou Kone, defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 should have realized that an error had been made and that they were in the wrong premises.

56. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 improperly remained in plaintiff Amadou Kone's residence when they realized, or should have realized, that they were in the wrong premises.

57. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they remained in plaintiff Amadou Kone's residence after they realized, or should have realized, that they were in the wrong premises.

58. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they searched plaintiff Amadou Kone's residence after they realized, or should have realized, that they were in the wrong premises.

59. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 deprived plaintiff Amadou Kone of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of

the United States under color of state law, in violation of 42 U.S.C. §1983, by searching plaintiff Amadou Kone's residence after they realized or should have realized that they were in the wrong premises.

60. As a result of the unreasonable search of plaintiff Amadou Kone's residence by defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8, plaintiff Amadou Kone sustained loss of funds and damage to his furniture and personal property.

## COUNT THREE
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

61. Plaintiff incorporates by reference paragraphs 1 through 60 of this Complaint as though the same were set forth fully herein.

62. The manner in which defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 searched the plaintiff's residence was unreasonable.

63. It was unnecessary to damage the plaintiff's furniture and other possessions to conduct the search authorized by the warrant pursuant to which defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 entered the plaintiff's residence.

64. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they damaged furniture and other possessions of plaintiff Amadou Kone during the search of his residence.

65. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 deprived plaintiff Amadou Kone of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by damaging his furniture and other possessions during the search of his residence.

66. As a result of the unreasonable search of plaintiff Amadou Kone's residence by defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8, plaintiff Amadou Kone sustained loss of funds and damage to his furniture and personal property.

## COUNT FOUR
## UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. §1983

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 were acting under color of state law when they seized funds from the residence of plaintiff Amadou Kone without a warrant authorizing such seizure.

69. Defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 deprived plaintiff Amadou Kone of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Amadou Kone's funds.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

70. Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of carelessness and incompetence in obtaining search warrants for incorrect addresses, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

74. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of executing search warrants at the wrong premises, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

75. Errors in identifying the premises to be searched in search warrant applications and search warrants was a phenomenon known to defendant The City of New York.

76. Despite knowledge that search warrants were being issued for incorrect addresses, defendant The City of New York failed to implement practices which would ensure that errors in addresses were not made in applications for search warrants and in search warrants.

77. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of entering incorrect addresses in applications for search warrants and in search warrants, resulting in the issuance and execution of search warrants for incorrect addresses in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

78. Defendant The City of New York implemented, enforced, encouraged and sanctioned

a policy, practice and/or custom of damaging furniture and other personal property during the execution of search warrants.

79. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

    (a) Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

    (b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the application for and the execution of search warrants;

    (c) Defendant The City of New York failed properly to monitor forcible entries into residences to determine whether such entries were being made pursuant to valid search warrants consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (d) Defendant The City of New York failed properly to monitor the execution of search warrants to determine that the warrants were being executed at the correct premises consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the Untied States;

    (e) Defendant The City of New York failed to discipline police officers for errors in identifying locations in applications for search warrants and search warrants;

    (f) Defendant The City of New York failed to discipline police officers for entering the wrong premises when executing search warrants;

    (g) Defendant The City of New York failed to discipline police officers for seizing money and other items of personal property not described in search warrants being executed;

    (h) Defendant The City of New York failed to discipline police officer for destroying or damaging furniture and other personal property during the execution of search warrants.

80. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with

whom its police officers come into contact.

81. The forcible entry into and search of plaintiff Amadou Kone's residence, the seizure of his funds, and the damage to his furniture and other personal property resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for applying for search warrants, verifying the addresses for which search warrants were being applied, the execution of search warrants, the seizure of personal property, and damage to property during the execution of search warrants.

82. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice permitting the application for and execution of search warrants at incorrect addresses.

83. Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

84. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of seizing funds and property not described in search warrants being executed.

85. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of destroying or damaging furniture and other personal property during the execution of search warrants.

86. Defendant The City of New York deprived plaintiff Amadou Kone of his rights to be free of unreasonable searches and seizures and not to be deprived of his property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and

enforcing policies, practices or customs of applying for and executing search warrants at incorrect premises, seizing money and other property not described in the search warrants, and destroying or damaging furniture and other personal property during the execution of search warrants.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

87. Plaintiff incorporates by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Karl Kindred, Josh Kaveney and "John Doe" #1-8 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

89. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

90. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

91. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

92. The application for a search warrant at an incorrect address, the forcible entry into and search of plaintiff Amadou Kone's residence, the seizure of his funds and the damage to contents

of his residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers.

93. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Amadou Kone would be violated.

94. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Amadou Kone.

95. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

96. Defendant The City of New York deprived plaintiff Amadou Kone of his rights to be free of unreasonable searches and seizures and not bo be deprived of his property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN
## COMMON LAW TRESPASS

97. Plaintiff incorporates by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98. Defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New

York intentionally entered plaintiff Amadou Kone's residence.

99. The entry of defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York into plaintiff Amadou Kone's residence was without the permission of plaintiff Amadou Kone.

100. The entry of defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York constituted a trespass.

101. Upon entering plaintiff Amadou Kone's residence, defendants Karl Kindred, Josh Kaveney, "John Doe" #1-9 and The City of New York caused damage to the contents of the plaintiff's residence.

## COUNT EIGHT
## COMMON LAW ASSAULT AND BATTERY

102. Plaintiff incorporates by reference paragraphs 1 through 101 of this Complaint as though the same were set forth fully herein.

103. Defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York committed an assault and battery on the person of plaintiff Amadou Kone by turning the plaintiff over while he was lying on a couch, applying pressure to his back and handcuffing him.

104. As a result of the foregoing, plaintiff Amadou Kone experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW CONVERSION

105. Plaintiff incorporates by reference paragraphs 1 through 104 of this Complaint as though the same were set forth fully herein.

106. The removal of the sum of $2,500.00 from plaintiff Amadou Kone's residence by defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York was without

the authority or permission of plaintiff Amadou Kone.

107. The removal of the sum of $2,500.00 from plaintiff Amadou Kone's residence by defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York interfered with plaintiff Amadou Kone's right to possession of those funds.

108. The removal of the sum of $2,500.00 from plaintiff Amadou Kone's residence constituted a conversion of plaintiff Amadou Kone's funds by defendants Karl Kindred, Josh Kaveney, "John Doe" #1-8 and The City of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       March 1, 2013

*Eugene M. Bell*
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100